ALBERTO MOREDA CIFUENTES, peticionario, *v.* LA CORTE DE DISTRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, JUEZ, demandada.

MANUELA SANTOS Y GONZÁLEZ VIUDA DE GIL, demandante y apelante, *v.* ALBERTO MOREDA CIFUENTES, demandado y apelado.

Nos. 941 y 6543.—*Sometidos:* Enero 9, 1934. *Resueltos:* Enero 19, 1934.

*José Sabater*, abogado del peticionario en el *Certiorari* No. 941 y del apelado en el caso No. 6543; *J. Alemany*, abogado de la demandante en el pleito principal y de la apelante, respectivamente, en los pleitos mencionados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Señalada la vista del recurso de apelación No. 6543 para el 9 de enero actual, se estableció el de *certiorari* No. 941, expidiéndose el auto y señalándose la vista para el mismo día 9 de enero. Ambas partes comparecieron por sus abogados e informaron oralmente sobre ambos recursos, que estudiaremos en una sola opinión.

El 21 de septiembre de 1933 Manuela Santos radicó en la corte de distrito una demanda de desahucio contra Alberto Moreda, alegando ser la dueña de una casa de concreto armado con frente a la calle de Hostos de la ciudad de Mayagüez que arrendó al demandado por término de dos años y canon de trescientos dólares mensuales pagadero por mensualidades que vencerían el día último de cada mes, habiéndose estipulado además en el contrato que el arrendatario pagaría a la arrendadora $400 el día 30 de abril de 1933 y $50 mensuales más a los efectos de solventar cierta cuenta que liquidada el día de la escritura arrojó un saldo deudor a

favor de la arrendadora y en contra del arrendatario de $1,733.46, y que vencidas y no satisfechas dos mensualidades del arrendamiento, la arrendadora tendría derecho a desahuciar al arrendatario.

Y alegó además la demandante que su arrendatario le estaba adeudando y no le había pagado no obstante haberlo requerido para ello:

| | |
|---|---:|
| de la mensualidad vencida en junio 30, 1933, | $55 |
| mensualidad vencida en julio 31, 1933, | 300 |
| plazo deuda anterior vencido julio 31, 1933, | 50 |
| mensualidad vencida agosto 31, 1933, | 300 |
| plazo deuda anterior vencido agosto 31, 1933, | 50 |
| Total, | $755 |

Y basándose en esas alegaciones solicitó que se decretara el desahucio y el lanzamiento del demandado de la finca en cuestión, de acuerdo con la ley.

Contestó el demandado que vendió la finca de que se trata a la demandante con pacto de retro por la suma de $34,151.73 y se la arrendó en efecto por escritura de 17 de diciembre de 1932 por término de dos años y canon mensual de $300 pagadero por mensualidades vencidas, escritura que contiene además las otras estipulaciones a que se refiere la demanda, pero sostuvo que a la fecha en que ésta se interpuso no estaba adeudando dos mensualidades del canon de arrendamiento, motivo por el cual no tenía la demandante derecho al desahucio solicitado. Alegó haber pagado mensualmente los $50 de la deuda antigua hasta junio inclusive y el canon de arrendamiento de $300 mensuales también hasta junio 30, 1933, habiendo pagado del correspondiente a julio la suma de $4.40.

Celebrado el juicio, la corte, el 28 de octubre de 1933, dictó sentencia declarando la demanda sin lugar, con costas a la demandante, por los siguientes motivos:

"Cuando se presentó la demanda de desahucio en este caso el demandado no debía a la demandante dos mensualidades completas de

arrendamiento porque en el mismo mes abonó el demandado a la demandante la cantidad de $354.40 en dos partidas, una de $326.60 y otra de $27.80. Cuando se hicieron esos abonos por el demandado, el apoderado de la demandante no dió recibo y como existen entre las partes de este caso dos deudas de dinero, una de una cuenta vieja de cánones y otra de los cánones de arrendamiento corrientes, el apoderado de la demandante, sin haberlo convenido con el demandado, después que se había celebrado la primera comparecencia en este caso y que dicho apoderado había leído la contestación a la demanda y conocía la defensa del demandado, o sea el día 2 de octubre de 1933, entonces expidió al demandado tres recibos uno de $300.00 otro de $50.00 y otro de $4.40, que dicho apoderado aplicó a las dos deudas en esta forma, el de $300.00 para cubrir el arrendamiento del mes de junio, el de $50.00 para abonar a la mensualidad de la cuenta vieja del mes de mayo y el de $4.40 para abonar también a la cuenta vieja de dicho mes de junio de 1933; cuando en realidad, y de acuerdo con los artículos 1140 y 1142 del Código Civil, y toda vez que el demandado no aceptó los recibos y los depositó en seguida en esta corte, la cantidad total de $354.40 debe estimarse satisfecha en cuanto a la deuda más onerosa, la cual es el canon de arredamiento porque la falta de dicho pago trae consigo el desahucio al demandado y la pérdida de su opción para redimir la propiedad; mientras que por la cuenta vieja en cuanto a su falta de pago no se había estipulado o impuesto al demandado ninguna otra obligación que la del pago.''

No conforme la demandante apeló para ante este tribunal y su apelación fué radicada con el No. 6543 en esta Corte Suprema, quedando la transcripción archivada en noviembre 23, 1933. La apelante presentó su alegato cinco días después y por estipulación de ambas partes y de conformidad con lo dispuesto al final de la sección 14 de la Ley de Desahucio de 1905, Leyes de 1905 p. 289, se señaló inmediatamente la vista del recurso.

Mientras esto sucedía, en noviembre 1, 1933, Manuela Santos radicó en la corte de distrito otra demanda de desahucio contra Moreda, basándose en que independientemente de los cánones de arrendamiento vencidos el 31 de julio y el 31 de agosto de 1933 y de los plazos de la deuda antigua correspondientes a junio, julio y agosto de 1933 cuya falta de pago había sido objeto de la otra acción de desahucio, el demandado

había dejado de pagar el importe completo de las mensualidades vencidas en septiembre 30 y octubre 31 de 1933.

Contestó el demandado aceptando la falta de pago de los cánones de arrendamiento correspondientes a septiembre y octubre de 1933, pero alegando "que ha garantizado a la demandante, para el caso de que el demandado faltare al pago de tres cánones de arrendamiento, $900, entregando a la demandante o a su apoderado señor Ramón I. Gil, ocho pagarés y un *check* del Dr. Pedro Pérez, siendo dichos pagarés y el *check* cada uno de ellos por $100, de tal modo que la demandante que ha recibido dicha garantía a su satisfacción, tiene el derecho de recurrir a esos garantizadores para el cobro de tres mensualidades de a $300 (trescientos dólares) cada una que dejare de pagar el demandado y alega el demandado que dichas garantías están vigentes en toda su integridad y que la demandante no ha reclamado a ninguno de dichos garantizadores el pago de sus garantías ni éstos han sido requeridos para su pago."

Y alegó además en su contestación el demandado:

"En cuanto al párrafo quinto de la demanda, acepta el demandado que la propia demandante radicó ante esta corte el 21 de septiembre de 1933 otra demanda de desahucio que lleva el No. 17,203, fundándose en que este demandado adeudaba los cánones de arrendamiento correspondientes al 31 de julio y 31 de agosto de 1933 que totalizan $600.00; pero esta Hon. corte después de celebrado el juicio de dicho caso dictó sentencia el 28 de octubre de 1933 en favor de este demandado declarando sin lugar la demanda porque el demandado no debía la totalidad de las mensualidades de arrendamiento vencidas el 31 de julio y 31 de agosto de 1933 en su totalidad; y alega este demandado que por virtud de dicha acción de desahucio anterior y por la negativa del apoderado de la demandante Sr. Ramón I. Gil a recibir los pagos de cánones de arrendamiento como se había acostumbrado a pagar. de común acuerdo con el apoderado de la demandante, se ha visto obligado a consignar en esta corte, como ha consignado, y a la disposición de la demandante $150.00 el día 29 de septiembre de 1933 y $150.00 el día 30 de septiembre de 1933 y ha consignado también a la disposición de la demandante el día 31 de octubre de 1933 $300.00 de todo lo cual ha sido notificado el abogado

de la demandante teniendo éste conocimiento antes de radicar la presente acción de que el demandado tiene pagados a cuenta de la mensualidad vencida el 31 de julio de 1933 $54.40; y $600.00 más que cubren la mensualidad correspondiente a los meses de julio y agosto de 1933 y $54.40 a cuenta de la mensualidad de septiembre de 1933.''

Trabada así la contienda y por el mérito de la evidencia introducida la corte de distrito falló esta vez en favor de la demandante y por sentencia de diciembre 5, 1933, decretó el desahucio solicitado.

De la opinión que emitiera para fundar su sentencia, transcribimos los párrafos que siguen:

''Computadas las sumas consignadas en el caso anterior, ascienden totalmente a $600.00, que cubrirían las mensualidades de arrendamiento vencidas el 31 de julio y el 31 de agosto de 1933, con un sobrante de $4.40, y sin cubrir los plazos de $50.00 mensuales para abonar a la deuda anterior de arrendamiento correspondientes a las mensualidades de junio, julio y agosto de 1933, que tenían que ser pagadas conjuntamente con los cánones mensuales de arrendamiento.

''Para abonar a las mensualidades de arrendamiento vencidas de septiembre y octubre de 1933, que motiva el presente pleito, nada se había consignado. No fué hasta el día 21 de noviembre de 1933, fecha en que se celebró el juicio en este caso, que se hizo la primera consignación de $90.00 y el 29 del mismo mes otra por $210.00, que hacen un total de $300.00. Por haberse hecho el ofrecimiento y la consignación de dichas sumas mucho después de vencida la obligación y de radicada la demanda, en sumas parciales, no constituye defensa alguna en esta acción de desahucio; además, que ya está vencida una nueva mensualidad de arrendamiento, en noviembre 30, 1933.

''La estipulación de las partes en el contrato de arrendamiento sobre afianzamiento del importe de tres mensualidades, no altera el convenio sobre el desahucio en caso de falta de pago de dos mensualidades de dicho arrendamiento, por ser prestaciones independientes.''

No conforme el demandado con la sentencia de diciembre 5, apeló para ante esta Corte Suprema el 9 de diciembre último. Y surgió entonces el incidente que motiva el recurso de *certiorari*.

El 11 de diciembre, o sea, vencido el plazo que fija la sección 5 de la Ley de Desahucio, Leyes de 1905, p. 289, com-

pareció la demandante apelante y pidió a la corte que desestimara el recurso porque "el demandado ha dejado de consignar el importe de los cánones de arrendamiento vencidos hasta la fecha de registrarse dicha sentencia, correspondientes a los meses de septiembre, octubre y noviembre de 1933, a razón de $300 mensuales, que importan $900, independientemente de los $50 del plazo correspondiente a cada uno de dichos meses de la deuda anterior, que tenía que ser satisfecho conjuntamente con dichos cánones de arrendamiento. Esta moción se apoyará en las constancias del récord de este caso."

El propio día 11 de diciembre el demandado apelante manifestó a la corte que optaba por el perfeccionamiento de su apelación por medio de una exposición del caso y le pidió que ordenara que el recurso se perfeccionara en esa forma archivándose la exposición dentro del término de cinco días que determina la ley.

Al día siguiente archivó la dicha parte demandada una moción de reconsideración de la sentencia.

La corte señaló día para la vista de las tres mociones, oyó sobre ellas a ambas partes y declaró sin lugar las del demandado y con lugar la de la demandante.

La Ley de Desahucio es terminante sobre la cuestión de consignación. "No se admitirá," dice en su sección 12, Leyes de 1905, p. 289, "al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas." Y luego agrega en la sección 15: "En las apelaciones interpuestas en juicios establecidos por falta de pago del canon estipulado, cualquiera que sea el estado del recurso, el demandante puede solicitar que se sobresea en el mismo, si el demandado no consignase en la secretaría del tribunal el importe de todos y cada uno de los arrendamientos que vayan venciendo."

Y aquí se trata de un caso de desahucio por falta de pago, en el que habiéndose interpuesto la apelación el 9 de diciembre, 1933, debieron consignarse todos los cánones de arrendamiento vencidos, esto es, hasta noviembre 30, 1933.

¿Se consignaron? Trata el demandado de sostener que sí, pero un estudio cuidadoso de las constancias de los autos demuestra que no.

Para llegar a esa conclusión hemos examinado los autos originales por nosotros mismos y hemos encontrado que en el primer pleito de desahucio en el que la demanda se interpuso en septiembre 21, 1933, se consignaron por el demandado al contestar la demanda en septiembre 28, $150, en octubre 3, otros $150 y en octubre 31, $300. Total, $600.

Es de observarse que ni en esa ni en las posteriores consignaciones el demandado especifica la mensualidad que intenta pagar, pero aceptando la posición más favorable para él, esto es, la que le reconoce la sentencia que la corte de distrito dictara en dicho primer pleito de desahucio, los $600 consignados tendrían que aplicarse así: mensualidad vencida en julio 31, 1933, $300 y mensualidad vencida en agosto 31, 1933, $300, quedando los $54.40 que la corte estimó que debían aplicarse a la deuda más onerosa para abonar a la mensualidad de septiembre.

Iniciado el segundo pleito en noviembre 1, 1933, sólo encontramos la constancia de dos consignaciones hechas antes de dictarse la sentencia y de vencer el término para apelar, una en noviembre 21 de $90 y otra de $210 en noviembre 29, en junto $300.

Prescindiendo en absoluto de los cincuenta dólares mensuales que además del canon del arrendamiento deberían satisfacerse según el contrato por el demandado y aplicando todo el dinero consignado a los cánones, encontramos que a la fecha de la sentencia resolutoria del segundo pleito que declaró con lugar el desahucio sólo se había consignado lo su-

ficiente para satisfacer los cánones hasta septiembre 30, 1933, con $54.40 para abonar al canon vencido en octubre 31, 1933.

La sentencia apelada en ese segundo pleito se dictó el 5 de diciembre, 1933, y se apeló el 9 del mismo mes y año. De acuerdo con la ley para que la apelación pudiera ser admitida, tenía el apelante que consignar todo lo que faltaba del canon de octubre y todo el de noviembre, y no lo hizo así.

Los hechos y la ley son tan claros que no se concibe que puedan obscurecerse a no ser que ello se haga intencionalmente con el propósito de dilatar la ejecución de la sentencia. La resolución de la corte de distrito sobreseyendo en el recurso de apelación interpuesto por el demandado en el segundo pleito de desahucio, era la única que podía dictarse de conformidad con los hechos y la ley.

Habiendo llegado a esa conclusión, obtenido el decreto de desahucio que era el único fin que la demandante se propuso en el primer pleito, resulta en verdad académica la apelación interpuesta en el mismo.

Sin embargo, al examinar la sentencia apelada encontramos que contiene un pronunciamiento de costas en contra de la demandante que, por lo menos, tiene ésta un claro derecho a dilucidar.

Las cuestiones que la parte apelante suscita en su alegato son de verdadera trascendencia. Para resolverlas en debida forma se necesita un amplio estudio. Del que hemos hecho hasta ahora estamos convencidos por lo menos de que la demandante no fué temeraria al acudir al tribunal iniciando el litigio y por lo tanto que nunca debió ser condenada en costas.

En tal virtud, nos limitaremos a modificar la sentencia revocando su pronunciamiento de costas y sustituyéndolo por otro que diga: "sin especial condenación de costas."

*Debe anularse el auto de certiorari expedido y modificarse la sentencia apelada en el recurso No. 6543 en el sentido indicado.*